Dunkin, Ch.
delivered the opinion of the Court.
At the Sheriff’s sales for Edgefield, in February. 1844, the complainant purchased certain real estate of the defendant, Leek, for sum of sixty-five hundred dollars. In April following Leek filed his bill in this Court, alleging that., in October, 1843, being considerably indebted in the Sheiill’s office, he agreed to sell to the complainant the tract of land described in the pleadings for seven thousand one hundred dollars, which sum the complainant was to pay in the Sheriff’s office to satisfy his own and other executions; that the land was to be sold by the Sheriff, and bid off by the complainant, in order to give hint a clear title — that the complainant had accordingly attended the sale and bid off the land for sixty-five hundred dollars, and now insisted on keeping it at that price. The answer of the defendant to that bill positively denied that he had entered into any agreement upon the terms set forth; but admitted that he had agreed to purchase the land for $7100, upon receiving an unincum-bered title prior to 1st December, 1843 — that he held executions and other demands to a large amount against the defendant, Leek, and, after discounting what was due to him, he was to pay him $500 on the 1st May, 1844, and the balance on 1st January, 1845 — but he averred that Leek was entirely unable to comply with his contract of executing to him a complete and unincumbered title, — and that, after-wards, the land was fairly sold by the Sheriff, was purchased by the defendant at a fair price, and the proceeds of the sale fairly applied to the satisfaction of Leek’s debts. That the defendant (Dyson) is at a loss to perceive the ground upon which he (Leek) can support any claim against him ; he pleads to the jurisdiction, and insists that Leek has plain and adequate remedy at law. At June Term, 1845, the Court of Equity decreed that Leek’s bill should be dismissed, for want of prosecution, and that he should pay the costs.
The defendant, Leek, declining to surrender the premises, an action of trespass to try titles was instituted against him by the complainant, in the Court of Common Pleas, for Edge-field District. At the call of the case, Spring Term, 1846, the defendant endeavored to postpone the trial, but the motion was successfully resisted by the complainant. The only question on the trial was as to the indentity of the land purchased by the complainant at the Sheriff’s sales, in February, 1844. The land claimed by the plaintiff consisted of two tracts, viz: the Anderson tract and the Owens tract. *248 The evidence offered at the trial is reported by the presiding jU(]ge- appeared that Leek lived on the Owens tract, and 'cultivated on both tracts, both before and after the Sheriff’s sale. The terms of the description, in the Sheriff’s deed, might be satisfied by including the Anderson tract alone, or by including both tracts. The Jury found for the plaintiff only the Anderson tract, and, on the hearing in the Appeal Court, the motion for a new trial was dismissed.
2 R543 R’
This bill was thereupon filed by the complainant, in which he alleges, among other things, that the advertisement of the Sheriff described the land to be sold as that on which the defendant lived, and that this was in accordance with the levy — and that Leek lived on the Owens tract. The prayer of the bill is that the Sheriff’s deed may be reformed so as to describe with more precision “the Owens as well as the Anderson land,” or “ that a specific performance may be decreed of the contract, by which the Owens tract of land was sold to the complainant at said Sheriff’s sale, and that Leek may be ordered and directed to deliver the said Owens tract to the complainant.” No other relief is sought by the bill, nor is a case made for any other relief. The complainant in his answer to Leek’s bill had denied any obligation under the contract of October, 1843, and insisted on his purchase from the Sheriff, and the bill was thereupon dismissed. He insists now on that purchase alone, and denies his liability for any other sum than that agreed to be paid to the Sheriff, and insists that, on that contract, he was entitled to the Owens as well as the Anderson tract of land. The defence is that the complainant has a plain and adequate remedy at law, and moreover, that the matter has been already adjudicated against the complainant by a tribunal of his own selection.
Standing upon his purchase from the Sheriff, it seems sufficiently clear that the complainant occupies the same position — is entitled to the same rights, as any other purchaser, and no more. He is entitled to all that the Sheriff proposed to sell, and did actually sell.' At the hearing on the circuit, as reported by the Chancellor, it appeared that the Sheriff’s advertisement described the land as one thousand acres where the defendant lives, &c. On the trial at law, as well as in this Court, it was shown that Leek lived ón the Owens tract. The only inquiry is whether it was not perfectly competent for the complainant to have esfhblished at law all that he has proved in this Court — to have offered in evidence the Sheriff's advertisement in order to 'show what was meant by the description in his deed. If it was competent, and the complaiuant omitted ór neglected to adduce the testimony, it furnishes no ground for the interference of this Court.
The principle pn which parol and extrinsic evidence is sometimes admitted, to aid in the construction of written *249 instruments, is very well established, although difficulty is experienced in its application. The judgment of the Court is simply declaratory of what is in the instrument. The ques-1" tion in the construction of written instruments is not what was the intention of the parties, but what is the meaning of the words they have used. In conformity with this principle, parol evidence has been held admissible to determine person or thing intended, where the description in the ment was insufficient for that purpose. In a devise of the manor of Dale, where the testator had two manors of that name, North Dale and South Dale, parol evidence was admissible as to which was meant.
Wilifs™.
2Rich. K. 373-
In the Sheriff’s deed to the complainant the land was described as one thousand acres, more or less, adjoining lands of F. W. Pickens, Proctor and others. This description would be equally applicable, according to the report of the presiding Judge, whether only the Anderson tract, or both the Anderson and Owens tracts, were sold by the Sheriff. On general principles, therefore, it would seem competent for the plaintiff to remove, or explain, this latent ambiguity, by proving, from the Sheriff’s advertisement, that the land exposed to sale was that on which the defendant lived, and that he lived on the Owens tract. But, in Elfe v. Gadsden, it was expressly adjudicated that the Sheriff’s advertisement of the property for sale may be given in evidence to explain a latent ambiguity. That case was determined by the Court of Appeals prior to the hearing of this case at law. It cannot, therefore, be doubted that the Sheriff’s advertisement was admissible in evidence on the trial tit law. Prioi to that hearing the complainant would have required no aid from this Court in order to maintain his legal right, both to the Owens and Anderson tracts of land, under the purchase from the Sheriff. The Law Court of Appeals held that the plaintiff had himself to blame for taking a deed with an imperfect description. But if he has had it in his power to supply that defect in the Court of Law, and has failed to avail himself of it, it would be of evil precedent and against well settled adjudications to permit the same matter to be litigated in this tribunal.
It is ordered and decreed that the decree of the Circuit Court be reversed, and that the bill be dismissed.
JohnstoN, Ch. concurred.

Decree reversed.